IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CHANGZHOU ASIAN ENDERGONIC ELECTRONIC TECHNOLOGY CO. LTD., <br><br>Plaintiff, <br><br>v. <br><br>BRACKETRON, INC., <br><br>Defendant | Civil Action No. 5:09-cv-00095 <br><br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Changzhou Asian Endergonic Electronic Technology Co. Ltd., ("Changzhou") complains against Defendant Bracketron, Inc. ("Bracketron" or "Defendant") and for a cause of action allege as follows:

### I.   JURISDICTION AND VENUE

1. Changzhou is a corporation of the People's Republic of China with its corporate headquarters and principal place of business at Room 201-301, Entrance Building 4, Post Apts., West LaoDong Road, ZhongLou, ChangZhou, Jiang Su, China.

2. Upon information and belief, Bracketron is a Minnesota corporation having its registered office and principal place of business at 5249 West 73rd Street, Suite G, Edina, Minnesota.

3. This is a civil action brought by Changzhou for patent infringement committed by Bracketron and arising under the patent laws of the United States, more specifically, under Title 35 U.S.C. §§ 271, 281, 283, 284, and 285.  Jurisdiction of this court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

4.  Upon information and belief, Bracketron has transacted business, contracted to supply goods and have otherwise purposely availed themselves of the privileges and benefits of the laws of the state of Texas, including, but not limited to, the offer for sale of infringing products within the state of Texas, and therefore are subject to the jurisdiction of this Court

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## II.   BACKGROUND

6.  Changzhou designs and sells portable global positioning system dash mounts for mounting electronic devices, and specifically global positioning devices, on the dashboard or a vehicle or other similar surface.  Defendants are direct competitors of Changzhou, and also distribute and sell portable positioning cushions for electronic devices.

7.  Changzhou has created an innovative ornamental design for portable global positioning system dash mounts.  This product allows windshield-mounted global positions systems or other electronic devices to be mounted on the dashboard of a vehicle or other similar surface.  This innovative ornamental design is the subject of U.S. Patent No. D588,392 (the "'392 patent").

8.  Bracketron sells one or more portable global positioning system dash mounts that infringe the design claimed in the '392 patent in all material respects.

**FIRST CLAIM FOR RELIEF
INFRINGEMENT OF THE '392 PATENT
<u>BY DEFENDANT</u>**

9.  Changzhou hereby incorporates the allegations of paragraphs 1-8 of this Complaint into the First Claim for Relief as though fully set forth herein.

10. Changzhou is the owner by assignment of U.S. Patent No. D588,392.  A true and correct copy of the '392 patent is attached hereto as Exhibit A.

11. The '392 patent is directed to an ornamental design for portable global positioning system dash mounts.

12. The '392 patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

13. Defendant has sold and/or offered to sell products falling within the scope of the claim of the '392 patent without license or authority from Changzhou in violation of Changzhou's rights, thereby directly infringing the '392 patent. Such infringing products include, but are not limited to, the product sold under the trade name "Nav-Mat." Pictures of the product(s) offered for sale by Defendant that is accused of infringing the '392 patent are attached hereto as Exhibit B.

14. Upon information and belief, Defendant is aware of the existence of the '392 patent and, despite such knowledge, continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '392 patent, and will continue to do so unless otherwise enjoined by this Court.

15. Changzhou has been and will continue to be damaged by the infringing conduct of Defendant, in an amount to be established upon proper proof at trial.

16. Changzhou is suffering irreparable harm due to Defendant's infringement of the '392 patent, and will continue to be irreparably harmed unless and until Defendant is enjoined from future infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Changzhou prays for judgment against Defendant as follows:

A. For judgment holding Defendant liable for infringement of the '329 patent;

B. For an award of damages adequate to compensate Changzhou for its profits lost, but not less than a reasonable royalty, and/or Defendant's profits for the infringement of the '392 patent by Defendant, including treble damages, costs and all other categories of damages allowed by 35 U.S.C. § 284 and 35 U.S.C. § 289;

C. For permanent injunctive relief enjoining Defendant, its officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

  (i) from using, manufacturing, offering to sell or selling any products falling within the scope of the claim of the '392 patent;

  (ii) from importing any product into the United States which falls within the scope of the '392 patent;

  (iii) from actively inducing others to infringe any of the claims of the '392 patent;

  (iv) from engaging in acts constituting contributory infringement of any of the claims of the '392 patent;

  (v) from all other acts of infringement of any of the claims of the '392 patent;

D. That this be declared an exceptional case and that Changzhou be awarded its attorney fees against Defendant pursuant to 35 U.S.C. § 285;

E. For such further relief as this Court deems Changzhou may be entitled to in law and in equity.

## JURY TRIAL DEMAND

Changzhou hereby demands a trial by jury of all issues in this action so triable.

Dated: November 5, 2009      Respectfully submitted,

                By: /s/ S. Calvin Capshaw
                S. Calvin Capshaw
                State Bar No. 03783900
                ccapshaw@capshawlaw.com
                Elizabeth L. DeRieux
                State Bar No. 05770585
                ederieux@capshawlaw.com
                D. Jeffrey Rambin
                State Bar No. 00791478
                drambin@capshawlaw.com

>Capshaw DeRieux, L.L.P.
>1127 Judson Road, Suite 220
>P.O. Box 3999
>Longview, Texas 75601-5157
>Telephone: (903) 236-9800
>Facsimile: (903) 236-8787
>
>Attorney for Plaintiff
>CHANGZHOU ASIAN ENDERGONIC
>ELECTRONIC TECHNOLOGY CO. LTD.

Of Counsel:

THOMAS R. VUCSINICK
CHAD E. NYDEGGER
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone (801) 533-9800
Facsimile (801) 321-1707

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 5th day of November, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

>/s/  S. Calvin Capshaw
>S. Calvin Capshaw